IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| ALBERT LEW, individually and on behalf of all other persons similarly situated,<br><br>11505 Reisterstown Road<br>Owings Mills, Maryland 21117<br><br>   Plaintiff,<br>v.<br><br>PIZZA HUT OF MARYLAND, INC.,<br>7070 Oakland Mills Road<br>Columbia, Maryland 21046<br><br>   Defendant. | CIVIL ACTION NO.: _____<br><br>COMPLAINT<br><br>§216(b) FLSA Collective Action<br>and<br>Rule 23 Class Action<br><br>JURY TRIAL DEMANDED |

**CIVIL RIGHTS COMPLAINT**
**WAGE AND HOUR LAW VIOLATIONS**

Plaintiff Albert Lew ("Plaintiff"), on his own behalf and on behalf of all others similarly situated, hereby files the instant Complaint against Defendant Pizza Hut of Maryland, Inc. ("Pizza Hut" or "Defendant"), alleging the following facts and claims upon knowledge as to matters relating to himself and upon information and belief as to all other matters, as follows:

**NATURE OF ACTION**

1. Plaintiff alleges that Defendant failed to pay him and all similarly situated manager trainees and assistant managers ("Putative Plaintiffs") in accordance with the Fair Labor Standards Act of 1938, as amended ("FLSA") and the Maryland Wage and Hour Law, MD. Lab. & Empl. Code §§ 3-401, et. Seq. ("MWHL").

2. Pursuant to §216(b) of the FLSA, Plaintiff has an affirmative mandate to demand remedial compensation and further injunctive relief for himself and for the Putative Plaintiffs that includes (i) back wages for all hours worked, and particularly, premium pay for overtime hours worked, and (ii) liquidated (double) damages. *See* FLSA, 29 U.S.C. §§201 *et seq.*

3. Plaintiff also asserts claims on his behalf and on behalf of the Putative Plaintiffs in a parallel state class action pursuant to the MWHL and Fed. R. Civ. P. 23.

## JURISDICTION AND VENUE

4. Jurisdiction over Plaintiff's FLSA claim is based upon 29 U.S.C. § 216(b) and 28 U.S.C. §1331.

5. Plaintiff's claims involve matters of national and interstate interest.

6. Defendant is subject to personal jurisdiction in Maryland.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

8. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §2201 and §2202. Jurisdiction is vested in the Court pursuant to 28 U.S.C. §1331 and the Fair Labor Standards Act, 29 U.S.C. §201 et seq.

9. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367, which allows jurisdiction over pendant parties and pendant claims.

## THE PARTIES

10. Plaintiff Albert Lew has resided at or about 11505 Reisterstown Road, Owings Mills, Maryland, 21117, at all times relevant to this controversy.

11. Plaintiff was employed by Pizza Hut from July 2008 through April 2009 as a manager trainee and/or assistant manager in a restaurant located in Baltimore County, Maryland.

12. Plaintiff worked at Pizza Hut in excess of forty (40) hours per workweek and was not properly compensated for his "suffered and permitted" work in accordance with federal and state law.

13. Defendant Pizza Hut of Maryland, Inc., is a business incorporated under the laws of the state of Maryland that maintains its head offices at 7070 Oakland Mills Road, Columbia, Maryland 21046.

## FLSA COLLECTIVE ACTION ALLEGATIONS

14. The Plaintiff and Putative Plaintiffs have all been harmed by the Defendant's common scheme, practice and policy of not paying proper wages for all "suffered and permitted" work as is required by federal and state wage and hour laws.

15. Plaintiff and the Putative Plaintiffs are current or former employees of Pizza Hut who engaged in the same or similar job functions and duties.

16. Pursuant to FLSA, 29 U.S.C. §207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendant in the United States at any time since November 25, 2006 to the entry of judgment in this case (the "Collective Action Period"), as restaurant manager trainees or assistant managers who did not receive compensation for all hours worked by them, and did not receive any overtime (the "Collective Action Members").

17. This Collective Action is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number is dependent are presently within the sole control of the Defendant, upon information and belief, there are at least hundreds of members of the Collective Action during the Collective Action Period, most of whom would not be likely to file individual suits because

they lack adequate financial resources, access to attorneys or knowledge of their claims.

18.     Plaintiff's interest in this matter is similar to the interests of the Putative Plaintiffs.

19.     Questions of law and fact predominate over questions that may affect only individual plaintiffs because Defendant has acted on grounds generally applicable to the Plaintiff and Putative Plaintiffs, and therefore similar determinations will be made regarding:

   A. Whether Pizza Hut employed Plaintiff and the Putative Plaintiffs within the meaning of the FLSA;

   B. The common proofs applicable to ascertaining the hours worked and compliance with the record keeping requirements incumbent upon Pizza Hut as a matter of federal and state laws;

   C. Whether Defendant failed to pay Plaintiff and the Putative Plaintiffs for all of the hours worked by them as well as overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated there-under;

   D. Whether Defendant's violations of the FLSA are willful as that term is used within the context of the FLSA;

   E. Whether Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

   F. Whether Defendant should be enjoined from such violations of the FLSA in the future.

## MWHL CLASS ALLEGATIONS

20.     Plaintiff sues on his own behalf and on behalf of a Class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

21.     Plaintiff brings his MWHL claim on behalf of all persons who were employed in the State of Maryland by Pizza Hut at any time since November 25, 2006 to the entry of judgment in this case (the "Class Period"), that have been classified as restaurant "manager trainees" or "assistant managers," and who were not properly compensated for their "suffered and permitted" work in

accordance with the MWHL (the "Class").

22.     This Class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number is dependent are presently within the sole control of the Defendant, upon information and belief, there are at least hundreds of members of the Class during the Class Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

23.     Plaintiff has the same interests in this matter as all other members of the Class and Plaintiff's claims are typical to the Class.

24.     Plaintiff is committed to pursuing this action and has retained competent counsel experienced in class action and wage and hour law litigation.

25.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a defendant.

26.     There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

    A. Whether the Defendant employed the members of the Class within the meaning of the MWHL;

    B. The efficacy of the proofs substantiating the hours worked where employers fail in their duty to maintain time records;

    C. Whether Defendant failed and refused to pay the members of the Class premium pay for hours worked in excess of forty hours per workweek within the meaning of the MWHL;

    D. Whether Defendant misclassified the Class members as exempt under the relevant provisions of the MWHL;

  E. Whether the Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interests, costs and disbursements and attorneys' fees; and

  F. Whether the Defendant should be enjoined from such violations of the MWHL in the future.

27. Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

28. Defendant operates about 50 restaurants throughout the State of Maryland.

29. Within the past three years Pizza Hut employed Plaintiff as a manager trainee and/or assistant manager in one of its restaurants located in Baltimore County, Maryland.

30. Plaintiff's job duties primarily consisted of waiting tables, working the cash register, preparing and making pizzas, cooking pizzas, cleaning, general restaurant preparatory work, bussing tables, washing dishes and other such customary unskilled duties associated with working in a pizzeria restaurant.

31. Plaintiff performed production work that is integral to the business operations of Pizza Hut and his work inured to the benefit of Defendant.

32. The work performed by Plaintiff required little skill, did not include any managerial responsibilities, and did not require Plaintiff to exercise any discretion or independent judgment.

33. Plaintiff's duties did not include the hiring and firing of employees and his recommendations with respect to a change in employment status, if ever sought, were given little, if any, weight.

34. Plaintiff worked in excess of 40 hours a week but did not receive overtime compensation

at one and one-half times his regular rate of pay as required by the FLSA and MWHL.

35. Plaintiff worked at Pizza Hut from July 2008 through April 2009 as a restaurant manager trainee and/or assistant manager.

36. Pizza Hut has employed other individuals, like Plaintiff, in the positions of manager trainees and assistant managers, whose work required little skill, did not require the exercise of actual managerial duties and did not involve the exercise of independent judgment and discretion.

37. Like Plaintiff, these individuals work in excess of 40 hours a week, but are not paid for all hours worked and are not paid a premium for their overtime hours worked as is required by the FLSA and MWHL.

## FIRST CLAIM FOR RELIEF:
## FLSA

38. Plaintiff, on behalf of himself and Putative Plaintiffs realleges and incorporates by reference the foregoing paragraphs as if they were set-forth herein.

39. Defendant was and is an employer engaged in interstate commerce and in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 206(a) and 207(a).

40. Plaintiff and the Putative Plaintiffs are all employees of Pizza Hut within the meaning of the FLSA.

41. Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

42. Defendant violated and continues to violate the FLSA, 29 U.S.C. §201 *et seq.,* including 29 U.S.C. §207(a)(1) and 215(a), because of their willful failure to compensate Plaintiff and the Putative Plaintiffs at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek.

43. As a result of Defendant's failure to record, report, credit and compensate its employees,

including Plaintiff and Putative Plaintiffs, Defendant has failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §201, *et seq.*, including 29 U.S.C. § 211(c) and 215(a).

44. Defendant's violation of the FLSA is willful as within the meaning of 29 U.S.C. §255(a).

45. In light of Defendant's willful FLSA violations, Plaintiff and the Putative Plaintiffs are entitled to seek remedies, which include a (i) three year statute of limitations, (ii) all unpaid back-wages due and owing, (iii) an additional equal amount as liquidated (double) damages for their unreasonably delayed payment of wages, and; (iv) reasonable attorneys' fees and costs and disbursements of this action.

## SECOND CLAIM FOR RELIEF:
## MWHL

46. Plaintiff, on behalf of himself and the Putative Plaintiffs, realleges and incorporates by reference the foregoing paragraphs as if they were set-forth herein.

47. Plaintiff and the members of the Class are Pizza Hut employees within the meaning of the MWHL.

48. Defendant violated and continues to violate the MWHL because of its willful failure to compensate Plaintiff and the members of the Class at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek.

49. As a result of Defendant's violation of the MWHL, Plaintiff and the members of the Class have suffered irreparable harm for which there is no adequate remedy at law.

50. Pursuant to the MWHL, Plaintiff and the Class are entitled to recover from Defendant (i) their unpaid wages for all hours worked including overtime compensation, (ii) damages and

interest for unreasonably delayed payment of wages, and; (iii) reasonable attorneys' fees and costs and disbursements of the action.

## PRAYER FOR RELIEF

Wherefore, Plaintiff on behalf of himself and all other Putative Plaintiffs, respectfully requests that this Court grant the following relief:

A. Certify this action as a Collective Class and order court supervised Notice pursuant to 29 U.S.C. §216(b), in order to apprize the Putative Plaintiffs of their opt-in rights;

B. Certify a Class pursuant Fed. R. Civ. P. 23(b)(2) and (3) for violations of the MWHL and as well appoint Plaintiff and his counsel to represent the Class;

C. Issue a declaratory judgment that Defendant's practices are unlawful under the FLSA and MWHL;

D. Issue an injunction against Pizza Hut, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in any and all of the unlawful practices, policies and patterns set-forth herein;

E. Order an award of unpaid wages for all hours worked as well as overtime compensation due under the FLSA and MWHL;

F. Order an award of liquidated and/or punitive damages for all hours worked as well as overtime compensation pursuant to 29 U.S.C. §216;

G. Order an award of prejudgment and post-judgment interest;

H. Order an award of costs and expenses of this action together with reasonable expert and attorneys' fees;

I. Tolling of the statute of limitations applicable in this controversy; and

J. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated:  November 25, 2009

/s/ Nicholas A. Migliaccio
Nicholas A. Migliaccio
Md. Bar No. 29077
Gary E. Mason
Md. Bar No. 15033
MASON LLP
1625 Massachusetts Ave., N.W.
Suite 605
Washington, DC 20036
Tel: (202) 429-2290
Fax: (202) 429-2294

Andreas N. Akaras
Md. Bar No. 14290
The Akaras Law Offices
4423 Lehigh Road, #308
College Park, MD 20740
Telephone: (301) 864-7763
Facsimile: (866) 838-5556

Jeffrey A. Klafter*
Seth R. Lesser*
Fran L. Rudich*
KLAFTER OLSEN & LESSER LLP
Two International Drive, Suite 350
Rye Brook, NY 10573
Tel: (914) 934-9200
Fax: (914) 993497-9220

ATTORNEYS FOR PLAINTIFF
* To be admitted Pro Hac Vice
